UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

RVIN REYES, ISRAEL CORTES CRUZ,
EDISON AGUIRRE, BENIGNO PERALTA,
Jr., GERRY ROXAS, ARIES BAYABORDA,
BENCHER MONTEBON, ARNIEL GOMEZ
and SHERIDAME GARCIA, individually and
on behalf of all others similarly situated,

ARIEL ESTRADA, AURORA CAMARDELLA,
BERNARD JACOBSON, BLANCA RAMOS,
CARMEN DIAZ, DANIA NAVARRO, DESIREE
FEBUS, DIONE ZACKERY, ESTELA
SANTIAGO, FRANK HUTCHINSON, GIDDEL
CONTRERAS, GREGORY LESPERANCE,
GREGORY TAYLOR, IRIS FEBUS, JACEK
SZEWCZYK, JAYSON ARCE, JOMAR S.
ROBLES, KELVIN G. GARY, LUIS FLORES
RAMIREZ, MARCO TORRES, MARCO
GONZALEZ, MARK PHILIP OLAYVAR,
MATTHEW STAMPS, MIKE KHALIL,
MIRIAM GONZALEZ, NITO BONAOY, OYLIN
HUGH, PIERROT LESPERANCE, POLICARPIO
CALPITO, RAFAEL MEDINA, RAYQUAN
HENDERSON-WARREN, REBECCA K. WARD,
REY GALAROSA, ROBERT LEMUS, ROBERT
MEAD, RODEL JANARIO, SHEILAH
O'LEARY SCHMIDT, SOBIELKY PAULINO,
VICTOR VILLASIN, VICTORIA SAMANIEGO,
ZACHARY D'ALBA, WOJCIECH WEGLARZ,
ROSSANA QUICHIZ, RICHARD BARRELLA,
and ZACHARY COHEN, as part of a conditionally-
certified FLSA class,

     Plaintiffs,

  v.

CITY OF RYE, RYE GOLF CLUB,
RM STAFFING & EVENTS, INC.,
and SCOTT YANDRASEVICH, jointly
and severally,

     Defendants.

---

**DEFENDANTS CITY OF RYE
AND RYE GOLF CLUB'S
ANSWER TO THE
PLAINTIFFS' SECOND
AMENDED COMPLAINT**

Civ. No. 13-cv-9051

Defendants City of Rye (the "City") and the Rye Golf Club (the "Club"; collectively with the City, the "City Defendants"), by and through their attorneys, Harris Beach PLLC, for their Answer to the Plaintiffs' Second Amended Complaint, state as follows:

## NATURE OF THE ACTION

1.     With respect to those allegations in Paragraph 1 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to those statutes and authorities cited therein for their true and complete content. The City Defendants admit that Whitby Castle is a restaurant and event space located at the Club and that waiters and bartenders are and/or have been employed there. The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that any Plaintiffs worked at Whitby Castle. The City Defendants deny violating any law, regulation, or common-law authority pursuant to which the Plaintiffs purport to bring this action, and otherwise deny each and every remaining allegation in that Paragraph.

2.     With respect to those allegations in Paragraph 2 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to those statutes and authorities cited therein for their true and complete content. The City Defendants deny violating any law or regulation pursuant to which the Plaintiffs purport to bring this action, and otherwise deny each and every remaining allegation in that Paragraph.

## JURISDICTION AND VENUE

3.     With respect to those allegations in Paragraph 3 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to those statutes and authorities cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

4.      With respect to those allegations in Paragraph 4 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

5.      With respect to those allegations in Paragraph 5 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to those statutes cited therein for their true and complete content, and otherwise deny each and every remaining allegation in that Paragraph.

**THE PARTIES**

6.      The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 6 of the Plaintiffs' Second Amended Complaint.

7.      With respect to the allegations in Paragraph 7 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that Whitby Castle is located at 330 Boston Post Road, Rye New York 10580. The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

8.      With respect to those allegations in Paragraph 8 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content. The City Defendants admit that written consent forms purportedly made by the Plaintiffs are attached to the Second Amended Complaint; and otherwise deny each and every remaining allegation in that Paragraph.

9.      With respect to the allegations in Paragraph 9 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that the City is a municipal entity located in Westchester County, New York; admit that Whitby Castle is a restaurant and event space located at the Club; and

admit that the Club and Whitby Castle are located at 330 Boston Post Road, Rye New York 10580. The City Defendants further admit that the City owns, manages, and exercises municipal oversight over the Club's operations but denies that it "operates" Whitby Castle in all respects and affirmatively states that some elements of Whitby Castle's operations are or have been delegated to entities other than the City.   The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

10.   With respect to the allegations in Paragraph 10 of the Plaintiff's Second Amended Complaint, the City Defendants admit that the City and/or the Club contracted with RM Staffing, Inc., to provide employee staffing services at the Club and/or Whitby Castle.  The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

11.   With respect to those allegations in Paragraph 11 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants deny that RM Staffing and the City operated together as a single business enterprise using the same practices and policies; and otherwise deny each and every remaining allegation in that Paragraph.

12.   With respect to the allegations in Paragraph 12 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that Defendant Scott Yandrasevich was formerly the general manager of the Club; and admit that Mr. Yandrasevich was affiliated with RM Staffing, Inc., but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegation that he was the "operator" of RM Staffing, Inc.  The City Defendants further deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding Mr. Yandrasevich's relationship with Morris Yacht & Beach Club.  The City Defendants admit that while general manager of the Club Mr. Yandrasevich's duties included oversight of the Club's

policies concerning hiring and firing of employees, and pay and working hours; but deny knowledge sufficient to form a belief as to the meaning of "otherwise running the business of RGC and RM Staffing" and hence whether Mr. Yandrasevich "otherwise r[an]" those entities. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

13.     With respect to those allegations in Paragraph 13 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to those statutes and authorities cited therein for their true and complete content. The City Defendants admit that Scott Yandrasevich participated in the day-to-day operations of the Club; deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning Mr. Yandrasevich's participation in the operations of RM Staffing, Inc.; and otherwise deny each and every remaining allegation in that Paragraph.

14.     With respect to those allegations in Paragraph 14 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statutes cited therein for their true and complete content; and otherwise deny each and every remaining allegation in that Paragraph.

**COLLECTIVE ACTION ALLEGATIONS**

15.     With respect to those allegations in Paragraph 15 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content. The City Defendants admit that the Plaintiffs purport to bring this action as a collective action under the FLSA, on behalf of a collective action of members whose composition is described by that Paragraph. The City Defendants deny knowledge or information sufficient to form a belief as to whether any of the Plaintiffs and/or

collective action members were employed by the City Defendants during the time period described; and otherwise deny each and every remaining allegation in that Paragraph.

16.     With respect to those allegations in Paragraph 16 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny that they subjected any employees to any "illegal policy" with respect to any statute or regulation governing pay or working hours; deny that the City Defendants failed to provide the Plaintiffs and/or Collective Action Members with any overtime premium payments or other payments to which they were otherwise entitled; and otherwise deny each and every remaining allegation in that Paragraph.

17.     With respect to those allegations in Paragraph 17 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

## RULE 23 CLASS ALLEGATIONS

18.     With respect to those allegations in Paragraph 18 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statutes cited therein for their true and complete content. The City Defendants admit that the Plaintiffs purport to bring this action as a class action under the New York Labor Law and New York common law, on behalf of a class of members whose composition is described by that Paragraph. The City Defendants deny knowledge or information sufficient to form a belief as to whether any of the Plaintiffs and/or class members were employed by the City Defendants during the time period described; and otherwise deny each and every remaining allegation in that Paragraph.

19.     With respect to those allegations in Paragraph 19 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny knowledge or information sufficient to form a belief as to whether the number and identify of the

Class Members are "determinable" and/or "readily available" from the City Defendants or their records; deny knowledge or information sufficient to form a belief as to the Plaintiffs' assertion regarding the means by which notice may be provided; and otherwise deny each and every remaining allegation in that Paragraph.

20.     With respect to those allegations in Paragraph 20 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

21.     The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 21 of the Plaintiffs' Second Amended Complaint.

22.     With respect to those allegations in Paragraph 22 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny that they employed any of the policies described in that Paragraph with respect to any Plaintiff and/or class member; deny that they violated any statute, regulation, or common-law authority governing or concerning pay, working hours, or the provision of wage notices with respect to any Plaintiff and/or class member; deny that there is any liability on the part of the City Defendants to be determined with respect to the Plaintiffs and/or any class members; and otherwise deny each and every remaining allegation in that Paragraph.

23.     With respect to those allegations in Paragraph 23 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny that the Plaintiffs and/or any class members were subjected by the City Defendants to any of the alleged practices or policies alleged in that Paragraph; deny that the City Defendants bear any liability to the Plaintiffs and/or any class members; deny knowledge or information sufficient to

form a belief as to whether all Plaintiffs and/or Class Members were employed by the City Defendants; and otherwise deny each and every remaining allegation in that Paragraph.

24. With respect to those allegations in Paragraph 24 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny knowledge or information sufficient to form a belief as to the existence of conflicts between Plaintiffs and class members, the subjective intention of the Plaintiffs in the filing of the instant action, and/or the subjective desires of the Plaintiffs with respect to the recovery of damages. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

25. The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 25 of the Plaintiffs' Second Amended Complaint.

26. With respect to those allegations in Paragraph 26 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statutes cited therein for their true and complete content. The City Defendants deny that they employed any of the policies described in that Paragraph with respect to any Plaintiff and/or class member; deny that they violated any statute, regulation, and/or common-law authority governing or concerning pay and compensation, working hours, or the provision of wage notices with respect to any Plaintiff and/or class member; deny that they are liable for any damages whatsoever; and otherwise deny each and every remaining allegation in that Paragraph, including all of that Paragraph's discrete subparts.

27. With respect to those allegations in Paragraph 27 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

28.      With respect to the allegations in Paragraph 28 of the Plaintiffs' Second Amended Complaint, the City Defendants deny knowledge or information sufficient to form a belief as to the Plaintiffs' subjective characterization of the City Defendants as "sophisticated" and their resources as "substantial." The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations regarding the Plaintiffs' financial resources, or the resources otherwise needed to "vigorously prosecute a lawsuit in federal court"; and otherwise deny each and every remaining allegation in that Paragraph.

29.      With respect to those allegations in Paragraph 29 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the "interest" or "capacity" of any individual class members, or the "awareness" of the Plaintiffs with regard to the existence of any other litigations concerning this controversy. The City Defendants deny that it is desirable to concentrate the instant litigation in one case and deny that there are no likely difficulties that will arise in managing the action; and otherwise deny each and every remaining allegation in that Paragraph.

## STATEMENT OF FACTS

30.      With respect to the allegations in Paragraph 30 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that the City owns, manages, and exercises municipal oversight over the Club's operations but denies that it "operates" Whitby Castle in all respects, and affirmatively states that some elements of Whitby Castle's operations are or have been delegated to entities other than the City. The City Defendants admit that the Club's website contains or has contained, in substance, the statement set forth in that Paragraph, and otherwise refer to the website for its true and complete content.

HARRIS BEACH ™
ATTORNEYS AT LAW

31.    With respect to the allegations in Paragraph 31 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that Whitby Castle's website contains or has contained, in substance, the information and statements set forth in that Paragraph, and otherwise refer to the website for its true and complete content.

32.    With respect to the allegations in Paragraph 32 of the Plaintiffs' Second Amended Complaint, the City defendants admit that Defendant Yandrasevich was the general manager of the Club during some or all of the time period identified; and admit that he was paid by the City.  The City Defendants further admit that Defendant Yandrasevich's duties during some or all of his tenure as the Club's general manager involved oversight of the Club's hiring and firing of employees.  The City Defendants deny knowledge or information sufficient to form a belief as to the allegations concerning Defendant Yandrasevich's alleged oversight of the hire of "Plaintiffs and Class Members" specifically for "the restaurant's daily operations and for catered events"; and otherwise denies each and every remaining allegation in that Paragraph.

33.    With respect to the allegations in Paragraph 33 of the Plaintiffs' Second Amended Complaint concerning the content of the "Rye City Council Report," the City Defendants refer to the referenced document for its true and complete content only; and otherwise deny each and every remaining allegation in that Paragraph.

34.    The City Defendants deny the allegations in Paragraph 34 of the Plaintiffs' Second Amended Complaint and refer to the report described therein for its true and complete content.

35.    The City Defendants deny the allegations in Paragraph 35 of the Plaintiffs' Second Amended Complaint.

36.    With respect to those allegations in Paragraph 36 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refer to

the statute cited therein for its true and complete content. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

37.     With respect to those allegations in Paragraph 37 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content. The City Defendants otherwise deny knowledge or information sufficient to form a belief as to the truth or falsity of the remaining allegations in that Paragraph.

38.     With respect to those allegations in Paragraph 38 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content.

39.     The City Defendants admit the allegations in Paragraph 39 of the Plaintiffs' Second Amended Complaint.

40.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 40 of the Plaintiffs' Second Amended Complaint.

41.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 41 of the Plaintiffs' Second Amended Complaint.

42.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 42 of the Plaintiffs' Second Amended Complaint.

43.     The City Defendants deny the allegations in Paragraph 43 of the Plaintiffs' Second Amended Complaint.

44.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 44 of the Plaintiffs' Second Amended Complaint.

45.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 45 of the Plaintiffs' Second Amended Complaint.

46.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 46 of the Plaintiffs' Second Amended Complaint.

47.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 47 of the Plaintiffs' Second Amended Complaint.

48.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 48 of the Plaintiffs' Second Amended Complaint.

49.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 49 of the Plaintiffs' Second Amended Complaint.

50.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 50 of the Plaintiffs' Second Amended Complaint.

51.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 51 of the Plaintiffs' Second Amended Complaint.

52.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 52 of the Plaintiffs' Second Amended Complaint.

53.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 53 of the Plaintiffs' Second Amended Complaint.

54.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 54 of the Plaintiffs' Second Amended Complaint.

55.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 55 of the Plaintiffs' Second Amended Complaint.

56.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 56 of the Plaintiffs' Second Amended Complaint.

57.     The City Defendants deny the allegations in Paragraph 57 of the Plaintiffs' Second Amended Complaint.

58.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 58 of the Plaintiffs' Second Amended Complaint.

59.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 59 of the Plaintiffs' Second Amended Complaint.

60.     The City Defendants deny the allegations in Paragraph 60 of the Plaintiffs' Second Amended Complaint.

61.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 61 of the Plaintiffs' Second Amended Complaint.

62.     The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in Paragraph 62 of the Plaintiffs' Second Amended Complaint.

63.     The City Defendants deny the allegations in Paragraph 63 of the Plaintiffs' Second Amended Complaint.

64.     With respect to the allegations in Paragraph 64 of the Plaintiffs' Second Amended Complaint, the City Defendants affirmatively state that some patrons of the Club have paid or attempted to pay gratuities, tips, and/or service charges in connection with transactions at the Club; however, the City Defendants deny knowledge or information sufficient to form a belief as to the uniformity of this practice, deny knowledge or information sufficient to form a belief as to the allegations concerning the aforementioned patrons' "intentions" with respect to these gratuities, tips, and/or service charges; and otherwise deny each and every remaining allegation in that Paragraph.

65.     The City Defendants deny the allegations in Paragraph 65 of the Plaintiffs' Second Amended Complaint.

66.     The City Defendants deny the allegations in Paragraph 66 of the Plaintiffs' Second Amended Complaint.

67.     The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 67 of the Plaintiffs' Second Amended Complaint.

68.     The City Defendants deny the allegations in Paragraph 68 of the Plaintiffs' Second Amended Complaint.

69.     With respect to the allegations in Paragraph 69 of the Plaintiffs' Second Amended Complaint, the City Defendants deny that any policy of withholding tips from individuals employed at the Club was provided for in any contract between the Club and RM Staffing, Inc.; and further deny that either City Defendant had any policy of withholding or otherwise depriving any individual of tips. The City Defendants otherwise deny knowledge or information sufficient to form a belief as to the allegations regarding any communications between the individuals named in that Paragraph.

70.     With respect to the allegations in Paragraph 70 of the Plaintiffs' Second Amended Complaint concerning statements made at a "public meeting of the…RGC Commission," the City Defendants deny knowledge or information sufficient to form a belief as to the nature and accuracy of the source relied upon for the allegations therein. The City Defendants refer to any records of statements made at the cited meeting for their true and complete content only; and otherwise deny each and every remaining allegation in that Paragraph.

71.     The City Defendants deny the allegations in Paragraph 71 of the Plaintiffs' Second Amended Complaint.

72.     With respect to the allegations in Paragraph 72 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that some individuals employed at the Club are or have been required to wear specifically-prescribed attire; admit that winter-season attire has consisted of a white, long-sleeved shirt, vest, and tie; and further admit that summer-season attire has consisted of a "Rye Golf Club" polo-style shirt. The City Defendants further admit that the aforementioned polo shirts are furnished to the relevant individuals by the Club. The City Defendants further admit that the individuals referenced by the foregoing admissions are responsible for the dry cleaning and/or laundering of any prescribed attire and are not reimbursed specifically for such dry cleaning and/or laundering. The City Defendants deny that the aforementioned attire constitutes a "uniform" within the meaning of any relevant statute or regulation. The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in that Paragraph as they apply to the Morris Yacht & Beach Club and/or any other Defendant in this action. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

73.     The City Defendants deny the allegations in Paragraph 73 of the Plaintiffs' Second Amended Complaint.

74.     With respect to the allegations in Paragraph 74 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that the Club employs or has employed individuals as wait staff, bartenders, busboys or runners, dishwashers and/or kitchen staff. The City Defendants deny that any such individuals were subject to any of the illegal practices described in that Paragraph with respect to pay and/or working hours and deny that they violated any statute or regulation regarding pay and/or working hours. The City Defendants deny knowledge or information sufficient to form a belief as to the allegations in that Paragraph as they relate to the Morris Yacht & Beach Club and/or

any other Defendant in this action. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

75.     With respect to those allegations in Paragraph 75 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content. The City Defendants deny that they failed to provide any Plaintiff and/or Class Member with any legally-required wage notices; deny that the failure to provide wage notices is or was a "corporate policy"; and otherwise deny each and every remaining allegation in that Paragraph.

76.     The City Defendants admit the allegations in Paragraph 76 of the Plaintiffs' Second Amended Complaint insofar as such allegations relate to the employment of any Plaintiff by the Club and/or Whitby Castle; deny knowledge of information sufficient to form a belief as to the truth or falsity of those same allegations as they relate to Morris Yacht & Beach Club and/or any other Defendant to this action; and otherwise deny each and every remaining allegation in that Paragraph.

77.     The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 77 of the Plaintiffs' Second Amended Complaint.

78.     With respect to the allegations in Paragraph 78 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that individuals other than the named Plaintiffs have been employed at the Club in similar positions; but deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations concerning the "skill" and/or "capital investment" required of the positions in which any Plaintiff and/or other individual is or was employed at the Club. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

79.     The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 79 of the Plaintiffs' Second Amended Complaint.

HARRIS BEACH ⅏
ATTORNEYS AT LAW

80.     The City Defendants deny the allegations in Paragraph 80 of the Plaintiff's Second Amended Complaint.

### REGARDING PLAINTIFFS' FIRST CAUSE OF ACTION

81.     With respect to the allegations in Paragraph 81 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-80 as if set forth herein.

82.     With respect to those allegations in Paragraph 82 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refers to the statutes cited therein for their true and complete content.  The City Defendants deny any illegal practice with respect to the pay or working hours of any Plaintiff and/or other individual; deny violating any statute or regulation governing pay or working hours; and otherwise deny each and every remaining allegation in that Paragraph.

83.     With respect to those allegations in Paragraph 83 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refers to the statute cited therein for its true and complete content; and otherwise deny each and every remaining allegation in that Paragraph.

84.     With respect to those allegations in Paragraph 84 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refers to the statute cited therein for its true and complete content.  The City Defendants deny that they have failed to pay overtime wages to any Plaintiff and/or Collective Action Member; deny that any Plaintiff and/or Collective Action member has suffered a loss of wages and interest thereby; deny that the Plaintiffs and/or any Collective Action Members are entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

## REGARDING PLAINTIFFS' SECOND CAUSE OF ACTION

85.     With respect to the allegations in Paragraph 85 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-84 as if set forth herein.

86.     With respect to those allegations in Paragraph 86 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refer to the statutes and regulations cited therein for their true and complete content.  The City Defendants deny any illegal practice with respect to the pay or working hours of any Plaintiff and/or Class Member; deny violating any statute or regulation governing pay or working hours; and otherwise deny each and every remaining allegation in that Paragraph.

87.     With respect to those allegations in Paragraph 87 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refers to the statute cited therein for its true and complete content.  The City Defendants deny that they have failed to pay overtime wages to any Plaintiff and/or Class Member; deny that any Plaintiff and/or Class Member has suffered a loss of wages and interest thereby; deny that the Plaintiffs and/or any Class Members are entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

## REGARDING PLAINTIFFS' THIRD CAUSE OF ACTION

88.     With respect to the allegations in Paragraph 88 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-87 as if set forth herein.

89.     With respect to those allegations in Paragraph 89 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants refer to

HARRIS BEACH ⅊
ATTORNEYS AT LAW

the statutes and regulations cited therein for their true and complete content. The City Defendants deny that they failed to pay any Plaintiff and/or Class Member in accordance with those statutes and regulations governing "spread of hours" pay, or any other statute or regulation governing pay and/or working hours; and otherwise deny each and every remaining allegation in that Paragraph.

90.     With respect to those allegations in Paragraph 90 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refers to the statute cited therein for its true and complete content. The City Defendants deny that they have failed to provide required "spread of hours" pay to any Plaintiff and/or Class Member; deny that any Plaintiff and/or Class Member has suffered a loss of wages and interest thereby; deny that the Plaintiffs and/or any Class Members are entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

## REGARDING PLAINTIFFS' FOURTH CAUSE OF ACTION

91.     With respect to the allegations in Paragraph 91 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-90 as if set forth herein.

92.     With respect to those allegations in Paragraph 92 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refers to the statute cited therein for its true and complete content. The City Defendants deny that they have unlawfully withheld gratuities from any Plaintiff and/or Class Member in violation of any statute or regulation; deny that they are required to compensate any Plaintiff and/or Class Member as alleged in that Paragraph for unlawfully withheld gratuities; and otherwise deny each and every remaining allegation in that Paragraph.

93.     With respect to those allegations in Paragraph 93 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

94.     With respect to those allegations in Paragraph 94 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refers to the statutes cited therein for their true and complete content. The City Defendants deny that they have unlawfully withheld gratuities from any Plaintiff and/or Class Member in violation of any statute or regulation; deny violating any statute or regulation governing pay and/or working hours; deny that the Plaintiffs and/or any Class Members are entitled to any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

### REGARDING PLAINTIFFS' FIFTH CAUSE OF ACTION

95.     With respect to the allegations in Paragraph 95 of the Plaintiffs' Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-94 as if set forth herein.

96.     With respect to the allegations in Paragraph 96 of the Plaintiffs' Second Amended Complaint, the City Defendants admit that they did not reimburse Plaintiffs for the cleaning of any prescribed articles of clothing; deny that they required Plaintiffs to wear any "uniform" as that term is construed by any applicable law or authorities; and deny that they are required to compensate any Plaintiffs for any unreimbursed business expenses described by this purported cause of action. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

97.     With respect to those allegations in Paragraph 97 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

98.     With respect to those allegations in Paragraph 98 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refers to the statutes cited therein for their true and complete content.  The City Defendants deny that they have unlawfully failed to reimburse required business expenses to any Plaintiff and/or Class Member in violation of any statute or regulation; deny violating any statute or regulation governing pay and/or working hours; deny that the Plaintiffs and/or any Class Members are entitled to any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

## REGARDING PLAINTIFFS' SIXTH CAUSE OF ACTION

99.     With respect to the allegations in Paragraph 99 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-98 as if set forth herein.

100.     With respect to those allegations in Paragraph 100 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statute cited therein for its true and complete content.  The City Defendants deny violating, in any manner whatsoever, any law, regulation, or authority mandating the provision of wage notices to employees; and otherwise deny each and every remaining allegation in that Paragraph.

101.     With respect to those allegations in Paragraph 101 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants refer to the statutes and authorities cited therein for their true and complete content. The City Defendants deny violating, in any manner whatsoever, any law, regulation, or authority mandating the provision of wage notices to employees; deny that the Plaintiffs and/or any Class Members are entitled to any

relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

## REGARDING PLAINTIFFS' SEVENTH CAUSE OF ACTION

102.    With respect to the allegations in Paragraph 102 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-101 as if set forth herein.

103.    With respect to the allegations in Paragraph 103 of the Plaintiffs' Second Amended Complaint, the City Defendants affirmatively state that some restaurant patrons have paid or attempted to pay gratuities, tips and/or service charges in connection with transactions at the Club; but in the absence of allegations as to specific transactions, deny knowledge or information as to the truth or falsity of the allegations in that Paragraph as they relate to this action.  The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

104.    The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 104 of the Plaintiffs' Second Amended Complaint.

105.    The City Defendants deny the allegations in Paragraph 105 of the Plaintiffs' Second Amended Complaint and affirmatively state that no "contracts" are referenced in Paragraph 96 of the Plaintiffs' Second Amended Complaint.

106.    With respect to the allegations in Paragraph 106 of the Plaintiffs' Second Amended Complaint, the City Defendants deny knowledge or information sufficient to form a belief as to those allegations concerning its patrons' subjective beliefs; and affirmatively state that no "contracts" are referenced in Paragraph 98 of the Plaintiffs' Second Amended Complaint.  The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

107.    With respect to the allegations in Paragraph 107 of the Plaintiff's Second Amended Complaint, the City Defendants affirmatively state that no "contracts" are referenced in 98 and 99 of the Plaintiffs' Second Amended Complaint; and otherwise deny each and every remaining allegation in that Paragraph.

108.    With respect to the allegations in Paragraph 108 of the Plaintiff's Second Amended Complaint, the City Defendants affirmatively state that no "contracts" are referenced in 98 and 99 of the Plaintiffs' Second Amended Complaint; and otherwise deny each and every remaining allegation in that Paragraph.

109.    With respect to those allegations in Paragraph 109 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.   The City Defendants affirmatively state that no "contracts" are referenced in 98 and 99 of the Plaintiffs' Second Amended Complaint; and otherwise deny each and every remaining allegation in that Paragraph.

110.    With respect to those allegations in Paragraph 110 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.   The City Defendants deny knowledge or information sufficient to form a belief as to any patrons' beliefs and/or reliance on the same; and otherwise deny each and every remaining allegation in that Paragraph.

111.    With respect to those allegations in Paragraph 111 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.   The City Defendants affirmatively state that no "contracts" are referenced in 98 and 99 of the Plaintiffs' Second Amended Complaint; and otherwise deny each and every remaining allegation in that Paragraph.

112.    The City Defendants deny the allegations in Paragraph 112 of the Plaintiffs' Second Amended Complaint.

113.    The City Defendants deny the allegations in Paragraph 113 of the Plaintiffs' Second Amended Complaint and affirmatively state that no "contracts" are referenced in Paragraph 96 of the Plaintiffs' Second Amended Complaint.

114.    With respect to the allegations in Paragraph 114 of the Plaintiffs' Second Amended Complaint, the City Defendants deny that they breached any contract with the Plaintiffs and/or class members, or any contract to which the Plaintiffs and/or class members are or were third-party beneficiaries; deny that they have improperly withheld or failed to distribute to the Plaintiffs and/or class members any compensation earned by or otherwise owed to the same; and otherwise deny each and every remaining allegation in that Paragraph.

115.    With respect to those allegations in Paragraph 115 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny that the Plaintiffs and/or class members have been damaged in any manner by the alleged breach of any contract to which the City Defendants, or either of them, is or was a party; deny that the Plaintiffs and/or any Class Members are entitled to any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

**REGARDING PLAINTIFFS' EIGHTH CAUSE OF ACTION**

116.    With respect to the allegations in Paragraph 116 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-115 as if set forth herein.

117.    With respect to the allegations in Paragraph 117 of the Plaintiffs' Second Amended Complaint, the City Defendants deny knowledge or information sufficient to form a belief as to the meaning of the phrase "numerous and valuable services" as used by the Plaintiffs therein; and

otherwise deny knowledge and information sufficient to form a belief as to the truth or falsity of the allegations in that Paragraph.

118.    With respect to those allegations in Paragraph 118 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny that the Plaintiffs and/or class members have been damaged in any manner by any unlawful conduct or omission of the City Defendants; deny that the Plaintiffs and/or any Class Members are entitled to any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

### REGARDING PLAINTIFFS' NINTH CAUSE OF ACTION

119.    With respect to the allegations in Paragraph 119 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-118 as if set forth herein.

120.    The City Defendants deny the allegations in Paragraph 120 of the Plaintiffs' Second Amended Complaint.

121.    The City Defendants deny the allegations in Paragraph 121 of the Plaintiffs' Second Amended Complaint.

122.    The City Defendants deny the allegations in Paragraph 122 of the Plaintiffs' Second Amended Complaint.

123.    With respect to those allegations in Paragraph 123 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required. The City Defendants deny that the Plaintiffs and/or class members have been damaged in any manner by any unlawful conduct or omission of the City Defendants; deny that the Plaintiffs and/or any Class Members are entitled to

any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

**REGARDING PLAINTIFFS' TENTH CAUSE OF ACTION**

124.    With respect to the allegations in Paragraph 124 of the Plaintiffs' Second Amended Complaint, the City Defendants incorporate by reference their answers to Paragraphs 1-123 as if set forth herein.

125.    The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 125 of the Plaintiffs' Second Amended Complaint.

126.    The City Defendants deny knowledge or information sufficient to form a belief as to the truth or falsity of the allegations in Paragraph 126 of the Plaintiffs' Second Amended Complaint.

127.    The City Defendants deny the allegations in Paragraph 127 of the Plaintiffs' Second Amended Complaint.

128.    With respect to those allegations in Paragraph 128 of the Plaintiff's Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

129.    With respect to those allegations in Paragraph 129 of the Plaintiff's Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants otherwise deny each and every remaining allegation in that Paragraph.

130.    With respect to those allegations in Paragraph 130 of the Plaintiffs' Second Amended Complaint that set forth conclusions of law, no response is required.  The City Defendants deny that the Plaintiffs and/or class members have been damaged in any manner by any unlawful conduct or omission of the City Defendants; deny that the Plaintiffs and/or any Class Members are entitled to

HARRIS BEACH ℠
ATTORNEYS AT LAW

any relief from the City Defendants whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

131.    With respect to those allegations in the unnumbered Paragraph captioned "Prayer for Relief," including all of that Paragraph's discrete subparts, that set forth conclusions of law, no response is required.  The City Defendants refer to those statutes and authorities cited therein for their true and complete content.  The City Defendants deny that the Plaintiffs are entitled to certification of their action as a collective action and/or as a class action; deny that the Plaintiffs and/or any Collective Action Members and/or Class Members are entitled to any relief whatsoever; and otherwise deny each and every remaining allegation in that Paragraph.

132.    With respect to those allegations in the unnumbered Paragraph captioned "Demand For Trial By Jury" that set forth conclusions or assertions of law, no response is required.  The City Defendants refer to the statute cited therein for its true and complete content.

133.    The City Defendants deny each and every allegation in the Plaintiffs' Amended Complaint not heretofore admitted, denied, or otherwise controverted.

## FIRST AFFIRMATIVE DEFENSE

134.    The Plaintiffs' Amended Complaint should be dismissed because it fails to state a cause of action upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

135.    The Plaintiffs' Amended Complaint fails to state a cause of action upon which any declaratory and/or injunctive relief may be granted.

## THIRD AFFIRMATIVE DEFENSE

HARRIS BEACH ᴾᴸᴸᶜ
ATTORNEYS AT LAW

136.    Upon information and belief the Plaintiffs' claims, and the claims of any members of any putative class or collective, are barred in whole or in part by the applicable statutes of limitations.

## FOURTH AFFIRMATIVE DEFENSE

137.    To the extent that the Plaintiffs seek collective and/or class certification of the instant action, their Amended Complaint fails because the individually-named Plaintiffs are inadequate representatives of the members of any proposed class or collective, and are not "similarly situated" to those members for purposes of the Fair Labor Standards Act and/or any provisions of the New York Labor Law.

## FIFTH AFFIRMATIVE DEFENSE

138.    The Plaintiffs' claims must be dismissed to the extent that any claimed violations of the Fair Labor Standards Act and/or the New York Labor Law were *de minimis*.

## SIXTH AFFIRMATIVE DEFENSE

139.    Upon information and belief the Plaintiffs' claims are barred to the extent that they and/or any individual members of any purported class and/or collective, failed to mitigate their damages.

## SEVENTH AFFIRMATIVE DEFENSE

140.    Upon information and belief, the Plaintiffs' claims and the claims of any putative members of a proposed class and/or collective, are barred by the doctrines of waiver, estoppel, release, unclean hands, payment, accord and satisfaction, and/or laches.

## EIGHTH AFFIRMATIVE DEFENSE

141.    Any claim for punitive and/or liquidated damages not mandated by statute, as against the City Defendants, should be dismissed because the City Defendants made good-faith and

HARRIS BEACH ℡
ATTORNEYS AT LAW

reasonable efforts to comply with the statutes pursuant to which this action is purportedly brought and at all times had reasonable grounds to believe that they had not violated these laws.

## NINTH AFFIRMATIVE DEFENSE

142.   Upon information and belief, to the extent that the Plaintiffs' claims seek a class action, the Plaintiffs cannot satisfy the prerequisites of commonality, numerosity, typicality, and/or adequacy of representation.

## TENTH AFFIRMATIVE DEFENSE

143.   The Plaintiffs' claims, and those of any putative member of any proposed class or collective, are barred to the extent that any Plaintiff and/or class or collective member has released such claims in connection with or pursuant to any prior settlement or agreement with either or both City Defendants.

## ELEVENTH AFFIRMATIVE DEFENSE

144.   The Plaintiffs' claims and those of any putative member of any proposed class or collective, are barred to the extent that they seek any measure of recovery in excess of the statutory authority pursuant to which this action is purportedly brought.

## TWELFTH AFFIRMATIVE DEFENSE

145.   Any claims for punitive damages are barred as against the City Defendants because the City Defendants did not engage in sufficiently egregious and/or outrageous conduct or omissions with respect to the Plaintiffs.

## THIRTEENTH AFFIRMATIVE DEFENSE

146.   To the extent that this Court dismisses the Plaintiffs' federal-law causes of action, the state-law causes of action should be dismissed as well because the Court should refuse to exercise pendent or supplemental jurisdiction over such causes of action.

HARRIS BEACH
ATTORNEYS AT LAW

## FOURTEENTH AFFIRMATIVE DEFENSE

147.    The Amended Complaint must be dismissed to the extent with respect to any Plaintiff or putative member of the purported class or collective who is or was an independent contractor with respect to services rendered to the City Defendants.

## FIFTEENTH AFFIRMATIVE DEFENSE

148.    With respect to violations of any statute pursuant to which this action is purportedly brought that were committed by RM Staffing, Inc., and/or Scott Yandrasevich, the Amended Complaint must be dismissed as to the City Defendants, because the City Defendants are and were not joint employers with the other named Defendants.

## SIXTEENTH AFFIRMATIVE DEFENSE

149.    The Plaintiffs' Amended Complaint must be dismissed as to the City Defendants as to any violations arising from and Plaintiff's or putative class/collective member's employment at the Morris Yacht & Beach Club, Inc., because the City Defendants and Morris Yacht & Beach Club are separate and unrelated entities, and unrelated employers.

## SEVENTEENTH AFFIRMATIVE DEFENSE

150.    The Plaintiffs' claims must be dismissed against the City Defendants with respect to any violations of law committed by Scott Yandrasevich or RM Staffing, Inc., because any such violations were committed outside the scope of Mr. Yandrasevich's employment by the City Defendants and outside the scope of any contractual arrangement between the City Defendants and RM Staffing, Inc.

## EIGHTEENTH AFFIRMATIVE DEFENSE

151.    All of the Plaintiffs' state-law claims must be dismissed as to the City Defendants because the City Defendants are municipal entities and/or government agencies, and consequently

HARRIS BEACH ⁝
ATTORNEYS AT LAW

exempted from the application of every portion of the New York Labor Law pursuant to which this action is purportedly brought.

### NINETEENTH AFFIRMATIVE DEFENSE

152.    The Plaintiffs' claims for liquidated damages pursuant to any section of the New York Labor Law must be dismissed insofar as the City Defendants are exempt from the application of Article 6 of the New York Labor Law, and the New York Minimum Wage Law and its implementing regulations.

### TWENTIETH AFFIRMATIVE DEFENSE

153.    The Plaintiffs' claims must be dismissed as to the City Defendants because upon information and belief, the Plaintiffs were compensated for all of their work on behalf of the City Defendants in accordance with the requirements of all applicable wage and hour laws.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

154.    The Plaintiffs' claims for "spread of hours" pay must be dismissed against the City Defendants because upon information and belief, the Plaintiffs and any putative class or collective members were sufficiently compensated to exempt them from the "spread of hours" requirement, pursuant to Almeida v. Aguinaga, 500 F.Supp.2d 366 (S.D.N.Y. 2007).

### TWENTY-SECOND AFFIRMATIVE DEFENSE

155.    The Plaintiffs' claims for business expense reimbursement must be dismissed as to the City Defendants because any prescribed attire worn by the Plaintiffs and/or putative members of any purported class or collective did not constitute a "uniform."

### TWENTY-THIRD AFFIRMATIVE DEFENSE

156.    The Plaintiffs' claims for business expense reimbursement must be dismissed as to the City Defendants, because they are not employers in the "hospitality industry."

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

157.    The Plaintiffs' claims for business-expense reimbursement must be dismissed as to the City Defendants because any uniforms required by the City Defendants fall within the "wash and wear" exemption of 12 NYCRR 146-1.7(c).

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

158.    The Plaintiffs' claims for breach of contract should be dismissed because there is no privity between the Plaintiffs and the City Defendants with respect to any alleged contract, and the Plaintiffs therefore lack standing to enforce any alleged contract against the City Defendants.

## TWENTY-SIXTH AFFIRMATIVE DEFENSE

159.    The Plaintiffs' claims for breach of contract should be dismissed because the City Defendants have performed any duties owed under the alleged contract or contracts, except for those that were prevented or excused, and did not breach any alleged agreement.

## TWENTY-SEVENTH AFFIRMATIVE DEFENSE

160.    The Plaintiffs' claims in *quantum meruit* should be dismissed to the extent that the damages alleged thereunder are already recoverable via contract or statutory or regulatory provision.

## TWENTY-EIGHTH AFFIRMATIVE DEFENSE

161.    The Plaintiffs' claims in *quantum meruit* should be dismissed because the Plaintiffs have already received all compensation due as the result of any services they rendered to the City Defendants.

## TWENTY-NINTH AFFIRMATIVE DEFENSE

162.    The Plaintiffs' claims in *quantum meruit* should be dismissed to the extent that reasonable value has already been rendered for the Plaintiffs' services.

## THIRTIETH AFFIRMATIVE DEFENSE

HARRIS BEACH ℡
ATTORNEYS AT LAW

163.    The Plaintiffs' claims for conversion should be dismissed because upon information and belief the Plaintiffs never made a specific demand for the return of the property alleged to have been converted by the City Defendants.

### THIRTY-FIRST AFFIRMATIVE DEFENSE

164.    The Plaintiffs' claims for conversion and unjust enrichment should be dismissed to the extent that the Plaintiffs state any viable claim for breach of contract.

### THIRTY-SECOND AFFIRMATIVE DEFENSE

165.    The Plaintiffs' claims for conversion should be dismissed because the property alleged to have been converted is not specifically identifiable and subject to an obligation to be returned to the Plaintiffs or otherwise treated in a particular manner.

**WHEREFORE**, for all of the foregoing reasons, the City Defendants respectfully demand judgment dismissing the Plaintiffs' Amended Complaint in its entirety in the merits, together with costs, disbursements and reasonable attorney's fees incurred in the defense of this action, and together with such other and further relief as this Court may in its discretion deem just and proper.

Dated: August 11, 2016
  White Plains, New York

         **HARRIS BEACH PLLC**

           s/ Darius P. Chafizadeh
         Darius P. Chafizadeh
         *Attorneys for the Defendants*
          *City of Rye and Rye Golf Club*
         445 Hamilton Ave., Suite 1206
         White Plains, New York 10601
         (914) 683-1212
         (914) 683-1210 (fax)
         dchafizadeh@harrisbeach.com