**HARRIS BEACH** PLLC
ATTORNEYS AT LAW

September 6, 2016

445 HAMILTON AVENUE, SUITE 1206
WHITE PLAINS, NY 10601
(914) 683-1200

DARIUS P. CHAFIZADEH
PARTNER
DIRECT:  (914) 683-1212
FAX:      (914) 683-1210
DCHAFIZADEH@HARRISBEACH.COM

**VIA ECF AND OVERNIGHT DELIVERY**

Hon. Nelson S. Román, U.S.D.J.
Southern District of New York
300 Quarropas Street
White Plains, NY 10601

    RE:    **Rvin Reyes et al. v. City of Rye et al.**
            **SDNY Civ. No. 13-cv-9051**

Dear Judge Román:

      This Firm represents the Defendants, the City of Rye (the "City") and the Rye Golf Club (the "RGC" or the "Club"; collectively with the City, the "City Defendants") in the above-referenced action, a claim by a certified class and FLSA collective (the "Plaintiffs") for allegedly unpaid wages and other compensation and penalties due under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §201 et seq.; various provisions of Article 6 of the New York Labor Law ("NYLL"), N.Y. LAB. LAW §190 et seq.; and the New York Minimum Wage Act ("NYMWA"), N.Y. LAB. LAW §650 et seq. and its attendant wage orders.[1]

      I am writing pursuant to Rule 3(A)(ii) and (G) of Your Honor's "Individual Practices in Civil Cases" in order to request a pre-motion conference regarding the City Defendants' anticipated filing of a motion for summary judgment with respect to Plaintiffs' state-law causes of action, together with those common-law causes of action that duplicate their state-law claims. The basis for the City Defendants' anticipated motion is that the undisputed evidence already available to both parties demonstrates that: (1) the City Defendants are statutorily exempt from the Plaintiffs' state-law claims; (2) the Plaintiffs' common-law claims are duplicative of their state-law claims and should be dismissed accordingly; and (3) each of the Plaintiffs' common-law causes of action are defective for lack of one or more legal elements.

**Factual and Procedural Overview of the Instant Action**

      The City is a municipal entity originally incorporated in 1942. The RGC, in turn, is wholly-owned by the City and operated as an "enterprise fund," meaning that while the Club is self-funding (relying on membership dues, visitor fees, and other charges levied on its users), it is subject to comprehensive City oversight. The Club's highest-ranking employees, such as its General Manager and accounts-payable clerk, are City employees accountable for their management of the Club to their superiors in City government. The Club's budget is subject to

---

    [1]    Plaintiffs further amended their Complaint after the filing of this action to add common-law claims analogous to their state statutory claims, viz.: breach of contract; unjust enrichment; conversion; and quantum meruit.

development, review, and approval by governmental bodies including the City Council; and City finance officials, including the Comptroller, are responsible for authorizing Club purchases.

Between 2007 and 2013, and again since the spring of 2014, the City has outsourced the operation of food and beverage facilities at the Club to private staffing and/or catering companies. (The aforementioned facilities employ the labor of kitchen staff, servers, bar staff, and other personnel who comprise the Plaintiff class and collective.) Between 2007 and 2013, this took the form of the RGC's current co-Defendant, RM Staffing & Events, Inc. ("RM Staffing"), which subsequent investigation revealed defrauded the City by invoicing the City for costs that either were never incurred, or else were grossly inflated. Since 2014, the entirety of the food and beverage operations at the Club has been carried out by an independent catering company, Lessing's Catering, Inc., which like RM Staffing invoices the City for labor costs (as well as food and beverage costs, which were formerly managed directly by the RGC).

Plaintiffs initiated the instant action in December 2013 based on a series of allegations that, *inter alia*, throughout some or all of the time period at issue: (1) the Defendants confiscated and failed to pay tips and other gratuity-based compensation collected at the Club to class members; (2) the Defendants failed to pay the Plaintiffs overtime wages for hours worked in excess of forty per week; (3) the Defendants failed to pay "spread-of-hours" compensation to class members who worked a spread of hours exceeding ten hours per work day; (4) the Defendants failed to distribute wage notices pursuant to New York Labor Law §195 to the class members; and (5) the Defendants failed to reimburse class members for cleaning and maintenance costs allegedly associated with their work-mandated uniforms. An FLSA collective was conditionally certified in this action on August 8, 2014, and a Rule 23 class certified on July 28, 2016. A settlement conference held before the Hon. Paul E. Davidson on September 22, 2015 failed to achieve any resolution of the underlying dispute.

### Legal Bases of the City Defendants' Anticipated Motion

The City Defendants' anticipated motion will contend that with respect to every state-law statutory claim—and the common-law claims derived therefrom—the City Defendants are exempt from such claims by virtue of their status as governmental agencies. Both Article 6 of the NYLL, as well as the NYMWA, exempt either "governmental agenc[ies]" or employees of "federal state or municipal government[s]...or political subdivision[s] thereof" from their application. See N.Y. LAB. LAW §§190(3) and 651(5); 12 NYCRR Part 142-2.14(b); Nakahata v. New York-Presbyterian Healthcare System, Inc., 2012 WL 3886555, at **13-14 (S.D.N.Y. Sep. 6, 2012) (dismissing NYLL claims against a public-benefits corporation administered by the state to deliver low-income health care); Ali v. New York City Health and Hospitals Corp., 2013 WL 1195794, at *2 (S.D.N.Y. Mar. 25, 2013) (dismissing state-law minimum-wage claims).

The information available to both parties through discovery and through the course of prior motion practice (*viz.*, Plaintiffs' motions for certification) is sufficient to demonstrate beyond any issue of material fact that the City Defendants fall squarely within the "governmental" exemptions carved out by both the NYLL and the NYMWA. Whatever the merits of Plaintiffs' FLSA claims against either or both entities, their *state*-law-based causes of

action are simply not cognizable against either City Defendant as a matter of law. Moreover, their common-law causes of action—appended to the action via amendment of the Plaintiffs' original Complaint and ultimately duplicative of the same barred state-law claims—are ripe for dismissal as a matter of law as well, because they undermine the intent of the statutory exemptions carved out for government entities under the NYLL and NYMWA: see, e.g., Cruz v. TD Bank, N.A., 855 F.Supp.2d 157 (S.D.N.Y. 2012) (dismissing common-law claims that parroted unavailable statutory claims) (citing Mark G. v. Sabol, 93 N.Y.2d 710, 726 (1999)).

In addition, independent bases exist for a grant of summary judgment with respect to some or all of the Plaintiffs' common-law causes of action against the City Defendants. The Plaintiffs' breach-of-contract claims fail because they are unable to point to record evidence that they were intended, rather than incidental, beneficiaries of the "contracts" reflected in RGC patrons' dining and beverage bills between those patrons and the Club, because any tip and gratuity payments made in the course of those "contracts" were merely incidental to the main refreshments-for-money transaction. See Alicia v. City of New York, 145 A.D.2d 315, 317-18 (1st Dep't 1998) (employees of a company which contracted to maintain New York City parking meters could not sue for breach as their employment was incidental to the contract itself). The Plaintiffs' unjust enrichment claims should likewise be dismissed because the City Defendants can proffer incontrovertible record evidence that neither City Defendant was "enriched" by the alleged wage-and-hour violations claimed by the Plaintiffs insofar as any would-be unlawful gain was taken by a third party in the form of RM Staffing's fraudulent invoicing. Baratta v. Kozlowski, 94 A.D.2d 454, 464-65 (2d Dep't 1983) (bank could not be liable for unjust enrichment where its former president had embezzled the funds at issue).

Plaintiffs' conversion claim is similarly positioned for summary judgment in favor of the City Defendants, because the record evidence to date, and which will be offered in support of the City Defendants' anticipated motion, demonstrates that there is no issue of material fact as to two key matters: first, that there is no specifically-identifiable monetary fund which the Defendants are alleged to have converted, as required for this cause of action; and second, that the City Defendants never assumed and exercised a right of ownership over those monies allegedly confiscated by RM Staffing. See Elliott v. Leatherstocking Corp., 2011 WL 1431618, at **1-2 and 7-8 (N.D.N.Y. Apr. 14, 2011) and Edwards v. Prime, Inc., 602 F.3d 1276 (11th Cir. 2010). Finally, the Plaintiffs' claims in *quantum meruit* can be dismissed given that there is no issue of material fact that the City Defendants were not unjustly enriched by the RM Staffing's alleged withholding of tip compensation, as would be required to sustain such a claim, or that the City Defendants did not violate a contractual arrangement with any Plaintiffs: see, e.g., Ghosh v. Neurological Services of Queens, 2015 WL 431807, at *5 (E.D.N.Y. Feb. 3, 2015).

In light of the foregoing the Defendants respectfully request that Your Honor schedule a pre-motion conference to discuss the nature and parameters of their forthcoming motion.

RESPECTFULLY SUBMITTED,

Darius P. Chafizadeh

cc: Counsel of Record (VIA ECF)